In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 06-1250

DONALD D. STALCUP,

*Petitioner*,

*v.*

PEABODY COAL COMPANY and
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,

*Respondents*.

_____

Petition for Review of an Order of the
Benefits Review Board.
No. 05-BLA-0482

_____

ARGUED OCTOBER 18, 2006—DECIDED FEBRUARY 15, 2007

_____

Before POSNER, EVANS, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Donald D. Stalcup worked as a coal miner at Peabody Coal Company for approximately thirty years. In 1997 he filed for pneumoconiosis (or "black lung") benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944. An Administrative Law Judge ("ALJ") initially awarded Stalcup benefits, but on appeal, the Benefits Review Board ("BRB") vacated and remanded the decision because the ALJ mischaracterized relevant evidence, relied upon impermissible criteria to credit or discredit evidence, and failed to explain the bases for certain conclusions. The ALJ's second decision, which

again awarded benefits to Stalcup, also was vacated and remanded by the BRB because of errors. The ALJ's third decision, which denied benefits, is the subject of this appeal. The BRB affirmed that decision, finding it was supported by substantial evidence. We disagree.

The BRB instructed the ALJ to reconsider three issues on its second remand: (1) the medical opinion evidence surrounding the existence of pneumoconiosis, (2) whether Stalcup is "totally disabled" based on this medical opinion evidence, and (3) whether the disability is due to pneumoconiosis. As to the first issue, five reliable medical opinions were before the ALJ. The ALJ concluded the qualifications and expertise of each physician were equal and held: "Drs. Castle, Tuteur and Dahhan found no pneumoconiosis, while Drs. Cohen and Koenig found the existence of the disease. Because these opinions are entitled to equal weight, I now find that [Stalcup] has not established the existence of pneumoconiosis."

As to the second issue, the ALJ stated that even if Stalcup could establish pneumoconiosis, he is not totally disabled under 20 C.F.R. § 718.204(b) (2006). The ALJ assigned the most probative weight to opinions from Drs. Cohen, Koenig, and Castle; Drs. Cohen and Koenig believe Stalcup is totally disabled and Dr. Castle does not. Thus, the ALJ concluded, "the weight of the reliable medical evidence, alone, is in favor of finding total disability." Citing other types of evidence in the record, however, the ALJ determined Stalcup was not totally disabled. Based on these conclusions, there was no need for the ALJ to reach the third issue.

We review the final decision of the ALJ to determine whether it is rational, supported by substantial evidence, and consistent with controlling law. *Blakley v. Amax Coal Co.*, 54 F.3d 1313, 1318 (7th Cir. 1995) (citations omitted). This Court is "not authorized to affirm an administrative

decision that is not reasoned." *Sahara Coal Co. v. Fitts*, 39 F.3d 781, 783 (7th Cir. 1994). The importance of this rule is especially clear in the context of black lung claims, which often turn on science and involve conflicting medical opinions. We have said that a "scientific dispute must be resolved on scientific grounds." *Peabody Coal Co. v. McCandless*, 255 F.3d 465, 468 (7th Cir. 2001). This requires the ALJ to "articulate a reason and provide support for favoring one opinion over another." *Livermore v. Amax Coal Co.*, 297 F.3d 668, 672 (7th Cir. 2002). More specifically, an ALJ "must have a *medical* reason for preferring one physician's conclusion over another's." *McCandless*, 255 F.3d at 469 (emphasis added). Accordingly, when an ALJ is faced with conflicting evidence from medical experts, he cannot avoid the scientific controversy by basing his decision on which side has more medical opinions in its favor. *Fitts*, 39 F.3d at 782. This unreasoned approach, which amounts to nothing more than a "mechanical nose count of witnesses," *id.*, would promote a quantity-over-quality approach to expert retention, requiring parties to engage in a race to hire experts to insure victory.

In this case, the ALJ counted noses. He concluded the qualifications and expertise of the physicians are equal and then dodged the scientific controversy by counting the reliable physicians on each side. Because Peabody had more, it won. Nowhere does the ALJ indicate why the opinions of Drs. Castle, Tuteur, and Dahhan (finding no pneumoconiosis) are more persuasive than the contrary opinions of Drs. Cohen and Koenig. Nor did the ALJ explain why the medical opinion finding no disability was ultimately more persuasive than the opinions finding total disability or explain why the other record evidence was sufficient to overcome the opinions of Drs. Cohen and Koenig. Because we cannot resolve the medical

dispute on our own, *McCandless*, 255 F.3d at 469, the case, regrettably, must be remanded for a fourth decision.

The BRB's order is vacated, and the case is remanded for further proceedings consistent with this order.

VACATED AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*